IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON


YVONNE MESTRE,        and
MICHAEL MANAHAN,

                    Plaintiffs,                    Case No. CV 04-442 MO

        v.                                         OPINION AND ORDER
                                                   Re:  Attorney Fees and Costs
VIVENDI UNIVERSAL US HOLDING CO.,
et. al.,

                    Defendants.
_____

**MOSMAN, J.,**


        Plaintiffs Yvonne Mestre and Michael Manahan brought this action alleging copyright

infringement under 17 U.S.C. § 101, unfair competition under 15 U.S.C. § 1117 and 1125(a), and

breach of implied-in-fact contract under state law.  The court dismissed plaintiffs' case in its

entirety at summary judgment because plaintiffs failed to raise a genuine issue of material fact as

to whether (1) defendants had access to view or copy "The Sunday Hat" prior to the creation of

"Billy Elliot," and (2) plaintiffs' copyrighted work and defendants' motion picture were

substantially similar.  Before the court is defendants' motion for attorney fees under Section 505

of the Copyright Act (#97) in which defendants seek $150,000.00 in attorneys' fees and actual

costs.  As set out below, defendants' motion for attorneys' fees is DENIED.

I.        Award of Attorneys' Fees Under 17 U.S.C. § 505


PAGE 1 - OPINION AND ORDER

A.    Standard

The Copyright Act, 17 U.S.C. § 505, provides that in a civil action for copyright infringement, the court, in its discretion, may award "a reasonable attorney's fee to the prevailing party as part of the costs."  Consistent with the permissive language in the statute, the Supreme Court rejected an interpretation of this provision that would require a court to award attorneys' fees to the prevailing party.  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994).  Rather, the award of attorneys' fees under Section 505 is a matter of the court's discretion, but prevailing plaintiffs and prevailing defendants must be treated alike.  *Id.* at 534.  Although no precise formula governs the exercise of this discretion, the Court approved a nonexclusive list of factors. *Id.* at 535 n.19 (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)).  These factors include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Id.* (internal quotations omitted).  In applying these factors, the court should remain faithful to the purposes of the Copyright Act, which include the discouraging of infringement and the enriching of the public through access to creative works.  *Id.* at 527.

B.    Defendants' Entitlement to Attorneys' Fees

This court granted summary judgment in favor of defendants on August 15, 2005.  As a result, defendants are the prevailing parties.  The court next considers the non-exclusive list of factors suggested by the Supreme Court.

1.    Frivolousness

Two elements must be shown for a valid copyright infringement claim: (1) ownership of

the work in question, and (2) copying of protected portions of that work by the defendant or the person who composed the defendant's work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). If the plaintiff does not have direct proof of copying, the plaintiff may establish copying by circumstantial proof that defendants had access to plaintiff's copyrighted work and that the works are "substantially similar." *Id.* Frivolity may be evidenced by a plaintiff's pursuit of a copyright infringement action despite his clear inability to establish the first of these two elements. *See e.g., Amadasun v. Dreamworks LLC*, 359 F. Supp. 2d 1367, 1373 (N.D. Ga. 2005) (finding plaintiff's suit frivolous because plaintiff brought copyright infringement action despite not owning a valid copyright for his work).

Defendants conceded that plaintiffs hold a valid U.S. copyright in their screenplay "The Sunday Hat." Therefore plaintiffs established the first element of infringement. As to the second element, the court found that plaintiffs failed to establish copying circumstantially, and therefore granted defendants' motion for summary judgment. In arriving at this decision, the court noted that there were some similarities between plaintiffs' and defendants' works, but these did not rise to the level of "substantial similarity." Because there was some merit to plaintiff's assertion of similarity, the court concludes this was not a frivolous claim. This conclusion weighs against the court awarding attorneys' fees.

2.      Motivation

Defendants maintain that an award of attorneys' fees is appropriate in light of plaintiffs' "culpable obduracy" and Plaintiffs' "refusal to consider the fact that copyright law does not protect abstract ideas."

After reviewing the circumstances in which plaintiffs brought this copyright infringement

PAGE 3 - OPINION AND ORDER

action, the court finds no evidence of plaintiffs' malicious intent. Rather, it appears that plaintiffs' action was based in part on an unsophisticated understanding of copyright protection, and, in part, "upon that obsessive conviction, so common among authors and composers, that all similarities between their works and any others which appear later must inevitably be ascribed to plagiarism." *Litchfield v. Spielberg*, 736 F.2d 1352, 1358 (9th Cir. 1984) (quoting *Dellar v. Samuel Goldwyn, Inc.*, 150 F.2d 612, 613 (2d Cir.1945), *cert. denied*, 327 U.S. 790 (1946)). Finally, plaintiffs had inferential evidence of untruthfulness by key defense witnesses. While those inferences were somewhat speculative, they became a part of the larger motivation for this suit. This conclusion weighs against the court awarding attorneys' fees.

3.      Objective Unreasonableness

Defendants contend that plaintiffs' objective unreasonableness is evidenced by "Plaintiffs' persistence in continuing expensive litigation notwithstanding the lack of any credible evidence of access, the limited protectability to which plaintiff's works were entitled, the total lack of any substantial similarity in protectable expression, and the overwhelming evidence of defendants' independent creation."

For the same reasons the court did not find frivolity, it does not find objective unreasonableness. There was some merit to plaintiffs' copyright infringement action, namely, plaintiffs owned a valid copyright and there were notable similarities between the two works in question. The court rejects any suggestion that plaintiffs' pro se status is indicative of the unreasonable nature of their claims. They were represented at one time by an attorney who withdrew for health reasons. Another lawyer initially took on the case but withdrew for conflict of interest. It was due to plaintiffs' lack of disposable funds, rather than lack of attorneys offering

PAGE 4 - OPINION AND ORDER

to represent them, that plaintiffs were unable to retain replacement counsel. Therefore, the court finds that it was not objectively unreasonable for the plaintiffs to pursue a copyright infringement action to protect their copyrighted material. The lack of objective unreasonableness weighs against the court awarding attorneys' fees.

4. Need to Advance Considerations of Compensation and Deterrence

Defendants assert that awarding attorneys' fees in this case would preserve the incentive for defendants in copyright actions to vigorously defend against unfounded claims. That incentive would serve to demarcate the boundaries of copyright law, one of the purposes of the Copyright Act. *Fogerty*, 510 U.S. at 527. In addition, defendants argue that awarding attorneys' fees to prevailing defendants in copyright actions such as this one will deter future abuses of the judicial system. *See e.g., Litchfield*, 736 F.2d at 1358 (acknowledging that too many copyright actions are commenced on a wholly erroneous understanding of copyright protection).

Although defendants achieved a high degree of success by prevailing at summary judgment, the court does not find that the circumstances of this case justify an award of attorneys' fees as a means to deter the filing of future meritless claims. Given the court's findings that plaintiffs did not bring this action with any objective unreasonableness or frivolity, as discussed *supra*, these are not the type of plaintiffs who should be discouraged from seeking protection of their copyrighted material under the Copyright Act. *See Kebodeaux v. Schwegmann Giant Super Markets, Inc.*, No. 92-2086, 1994 WL 507421 (E.D. La. 1994) ("it would be inconsistent with the purposes of the Copyright Act to deter plaintiffs . . . from bringing suits when they have reason to believe, in good faith, that their copyrights have been infringed.") Consideration of the purposes of the Copyright Act weighs against the court awarding attorneys' fees.

PAGE 5 - OPINION AND ORDER

5.      Final Balancing

After consideration of the above-listed factors, the court, in the exercise of its discretion declines to award attorneys' fees to defendants.  Plaintiffs' copyright claim, while weak, was neither frivolous nor motivated by anything other than the desire to gain the protection of their copyrighted work to which they believed they were entitled.  The court does not find any objective unreasonableness, either legal or factual, in the plaintiff's arguments.  An award made for deterrence purposes is not appropriate in light of the circumstances presented by this case.  Additionally, as discussed more fully below, the poor documentation in support of the fee request is a further factor that favors denial.

II.     Costs

Federal Rule of Civil Procedure 54(d)(1) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Section 505 of the Copyright Act states that "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof."  17 U.S.C. § 505.  A district court does not have unfettered discretion to award costs to the prevailing party, and it must limit the award of costs to the list of items set forth in 28 U.S.C. § 1920.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).  Allowable costs include:

(1) Fees of the clerk and marshall;

(2) Fees of the court reporter for all or any part of the stenographic

transcript necessarily obtained for use in the case;

PAGE 6 - OPINION AND ORDER

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily

obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of

interpreters, and salaries, fees, expenses, and costs of special

interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Defendants' failure to submit a proper bill of costs that itemizes its expenses supports the

denial of their motion for costs. *See Grover v. Eli Lily & Co*., 896 F. Supp. 725, 729 (N.D. Ohio,

1995). The exhibits attached to defendants' declarations in support of their motion contain

122 pages of muddled documentation. For example, there is no clear summary of what expenses

constitute the "costs" versus which expenses constitute the "fees" in the grand total of

$150,000.00. Therefore, in the exercise its discretion, the court declines to award costs to

prevailing defendants.

IT IS SO ORDERED.

Dated this 11th day of October, 2005.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

PAGE 7 - OPINION AND ORDER